UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>WATERFORD FUNDING, LLC, *et al.*,<br>  Debtors | No. 2:15-mc-0137 WBS AC<br><br>ORDER |
| GIL A. MILLER, Chapter 11 Trustee for WATERFORD FUNDING, LLC, *et al.*,<br>  Plaintiffs,<br>  v.<br>JOHN STONE,<br>  Defendant. | |

I. PROCEDURAL HISTORY

This matter involves a judgment entered by the Bankruptcy Court of the District of Utah. According to the documents on file in this case, plaintiff Gil. A. Miller is the Chapter 11 Trustee for debtors Waterford Funding, LLC, et al. See ECF No. 1 at 7 (bankruptcy adversary complaint). On January 5, 2011, the Trustee filed an adversary complaint against defendant John Stone. See ECF No. 1 at 6. On June 24, 2011, the bankruptcy court entered a default judgment against defendant. See ECF No. 21 at 4-5.

1

1   On or about November 24, 2015, the Trustee assigned the judgment to Baker Recovery

2   Services. ECF No. 2. On November 4, 2015, Baker registered the default judgment in this court.

3   ECF No. 1. On December 4, 2014, the undersigned granted Baker's motion to order defendant to

4   appear for a judgment debtor examination. ECF No. 7. That examination is currently scheduled

5   for May 4, 2016. See ECF No. 14. However, a motion to stay this proceeding is now pending

6   before the undersigned. See ECF No. 15 (motion), 19 (referral to magistrate judge).

## II.  THE PENDING MOTIONS

### A.  Withdrawal of Attorney for Baker

Baker has filed a document entitled "Substitution of Attorneys," stating that "Baker, as a sole proprietorship, desires to represent itself *in propia persona* in place and stead of its present attorneys . . .." ECF No. 18 at 1 (citing E.D. Cal. R. 182(g)).

#### 1.  Substitution of Attorneys

Although the motion is entitled "Substitution of Attorneys," and is purportedly filed pursuant to Local Rule 182(g), that rule only applies when an attorney is substituting "another attorney" in his or her place. Here, counsel for Baker – Brett H. Ramsaur and Anthony J. Carucci, of Snell & Wilmer L.L.P. – are not substituting another attorney in their place. Rather, counsel would be withdrawing, and leaving their client to represent itself. Such a motion is governed by Local Rules 182(d) and 183.

#### 2.  Attorney withdrawal

When an attorney wishes to withdraw, leaving his or her client to represent itself "in propria persona," the attorney must comply with Local Rule 182(d) and the Rules of Professional Conduct of the State Bar of California. Local Rule 182(d) requires, among other things, that counsel "shall provide an affidavit stating the current or last known address or addresses of the client . . .." Counsel here have not complied with the requirements of Local Rule 182(d), nor the requirements of the California rules governing withdrawal of counsel. Accordingly, the court will not approve their submission.

#### 3.  Baker cannot represent itself

Baker, a business entity, may not represent itself in this court; it can appear "only by an

2

attorney." Local Rule 183(a) ("[a] corporation or other entity may appear only by an attorney"); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) "a corporation may appear in the federal courts only through licensed counsel, . . . [and] the rationale for that rule applies equally to all artificial entities"). Accordingly, if counsel for Baker does successfully withdraw from this case, and no other counsel is substituted in, this proceeding will be dismissed, as Baker will be unable to proceed on its own.

### B. Motion To Stay

The Judgment Debtor has filed a motion to stay these proceedings, and initially noticed it to be heard on May 31, 2016 before the district judge presiding over this matter. ECF No. 15. The district judge has vacated the hearing date and referred the motion to the undersigned. ECF No. 19. The undersigned will order briefing on this motion.

## III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The submitted "Substitution of Attorneys" (ECF No. 18), is NOT APPROVED;

2. Plaintiff shall serve and file a response to the Motion To Stay (ECF No. 15), no later than April 19, 2016 at 4:30 p.m., at which time the motion will be taken under submission.

DATED: April 5, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE