UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>WATERFORD FUNDING, LLC, *et al.*,<br>    Debtors<br><br>GIL A. MILLER, Chapter 11 Trustee for WATERFORD FUNDING, LLC, *et al.*,<br>    Plaintiffs,<br>    v.<br>JOHN STONE,<br>    Defendant. | No. 2:15-mc-0137 WBS AC<br><br>ORDER |

    This Order To Show Cause is issued in this case to help the court determine how to deal with a personal check for $107,278.51 which defendant John Stone has mailed to the court.

I. BACKGROUND

    This case was brought to enforce a default judgment originally entered by the Bankruptcy Court for the District of Utah.  See ECF No. 1.  After the judgment debtor examination was scheduled for May 4, 2016, defendant – the judgment debtor – moved to stay the proceedings. ECF No. 15 (motion to stay).  Plaintiff Baker Recovery Services – the judgment creditor, who is

1

the assignee of the Bankruptcy Trustee, Gil A. Miller – filed an Opposition to the motion to stay. ECF No. 22.  On April 26, 2016, defendant filed a Reply.  ECF No. 23.  In his Reply, defendant stated:

> On April 25, 2016, John D. Stone sent a letter to the Court tendering in escrow to the United States District Court for the Eastern District of California the Judgment amount of $107,278.51.  *See* Exhibit "B".

ECF No. 23 at 2, 11-12 (Exh. B: cover letter and copy of check).  In fact, defendant *personally* – that is, not through his counsel – sent the check to the court, did not indicate that a copy of the check was sent to plaintiff, and did not cite any statute, Federal Rule of Civil Procedure or Local Rule, that would permit him to deposit this check into the court's registry.

The next day, April 27, 2016, plaintiff filed a Notice of Withdrawal, which withdrew ("without prejudice") its request for an order compelling defendant to attend the judgment debtor examination.  ECF No. 24.  The Notice of Withdrawal made no mention of the check sent to the court by plaintiff, and did not recite any reason for the withdrawal.

## II. DEPOSITS INTO THE COURT'S REGISTRY

This court's Local Rules grant "[l]eave of court . . . for the making of deposits into the registry of the Court" in certain circumstances.  E.D. Cal. R. ("Local Rule") 150(a).  None of those circumstances exist in this case.  The only arguably applicable circumstance would exist if the money "is deposited in lieu of filing a bond."  Id.[1]  However, no bond has been ordered in this matter, and therefore the tendered check cannot be said to be deposited "in lieu" of a bond.

Since the Local Rules do not authorize the deposit of defendant's check into the registry, it can only be deposited there with "specific leave of court."  Local Rule 150(b); Fed. R. Civ. P. 67(a) (deposit may be made "on notice to every other party and by leave of court").  The parties have neither sought, nor received, leave of this court to make this deposit.  The court is therefore inclined to return the check and close the case.  However, the court acknowledges the possibility that plaintiff filed its Notice of Withdrawal in reliance on a mistaken belief that

---

[1] The other circumstances are "interpleader actions," and "deposits by a receiver appointed by order of the Court."  Local Rule 150(a).

2

defendant's tendered check had been deposited into the court's registry.

The parties will therefore be granted an opportunity to be heard before the check is returned and the case closed.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Based upon plaintiff's Notice of Withdrawal (ECF No. 24), the judgment debtor examination scheduled for May 4, 2016, is VACATED;

2. Defendant's Motion To Stay (ECF No. 15), is DENIED as moot; and

3. The parties are Ordered To Show Cause, in writing, no later than May 11, 2016, why defendant's tendered check should not be returned to plaintiff, and why this case should not be closed.  If the parties wish to have defendant's check deposited into the court's registry, they must comply with Fed. R. Civ. P. 67 and Local Rule 150.

DATED: April 30, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE